SÁNCHEZ, DEMANDANTE Y APELADO, *v.* ATLAS COMMERCIAL COMPANY, DEMANDADA Y APELANTE.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 1937.—Resuelto en febrero 14, 1919.

TRASLADO DEL PLEITO—CONVENIENCIA DE LOS TESTIGOS—CUÁNDO PUEDE SUSCITARSE.—La parte demandada al tiempo de excepcionar la demanda solicitó el traslado del pleito. Acto seguido el demandante se opuso alegando que la conveniencia de los testigos requería que el pleito quedara en el distrito donde había comenzado y la corte, por tal motivo, sostuvo la oposición y negó el traslado. *Se resolvió:* que de acuerdo con la jurisprudencia establecida en *Torres et al.* v. *Torres et al.,* 16 D. P. R. 352, la cuestión de la conveniencia de los testigos se levantó y resolvió prematuramente, porque no habiéndose contestado la demanda no se había suscitado aún ninguna cuestión de hecho cuya comprobación requiriera el examen de testigos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Henry G. Molina.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

José Sánchez demandó en la Corte de Distrito de Mayagüez a la Atlas Commercial Co., una corporación dedicada al negocio de automóviles, en reclamación de diez mil doscientos pesos por concepto de daños y perjuicios. La corporación demandada al excepcionar la demanda solicitó el traslado del pleito a la Corte de Distrito de San Juan, lugar de su oficina principal. La solicitud de traslado se acompañó de un juramento de méritos de acuerdo con la ley. La corporación demandada alegó también que no tenía en Mayagüez sucursal, ni oficina, ni agente, ni representante alguno. El demandante se opuso al traslado alegando que la conveniencia de los testigos y los fines de la justicia requerían que el juicio se celebrara en Mayagüez. La demandada impugnó la oposición del demandante y la corte declaró sin lugar la solicitud de traslado por el fundamento de la conveniencia de los testigos alegado por el demandante. La demandada apeló entonces para ante este tribunal.

La resolución apelada es errónea de acuerdo con la jurisprudencia de la Corte Suprema de California, citada por esta Corte Suprema de Puerto Rico en el caso de *Torres et al.*, v. *Torres et al.*, 16 D. P. R. 352.

La solicitud de traslado debió haber sido resuelta de acuerdo con la ley. La oposición del demandante implícitamente reconoce el derecho de la demandada y, eso no obstante, pide que el pleito permanezca en Mayagüez por requerirlo así la conveniencia de los testigos. Equivale a una petición de traslado de acuerdo con el artículo 83 del Código de Enjuiciamiento Civil y se hizo prematuramente.

"La presentación de una solicitud pidiendo el cambio de distrito para la celebración del juicio", dijo esta corte en el caso de Torres, *supra,* "por conveniencia de los testigos, al mismo tiempo que se excepciona la demanda, es prematura porque, no habiéndose contestado la demanda, no se ha plan-

teado ninguna cuestión de hecho, y por lo tanto, carece el tribunal de base para ejercitar su facultad discrecional.''

Debe declararse con lugar el recurso y revocarse la resolución apelada con instrucciones a la corte de distrito en el sentido de que debe ordenar la remisión de los autos a la Corte de Distrito de San Juan en la forma establecida en la ley.

> *Revocada la orden apelada y ordenado el traslado del pleito.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.