MIGUEL ABRAHAM, en su carácter de padre con patria potestad sobre su hijo menor de edad RAMÓN ABRAHAM, demandante y apelante, v. MIGUEL PIERESCHI, demandado y apelado.

No. 4052.—*Visto:* Noviembre 29, 1926. *Resuelto:* Diciembre 9, 1926.

1. LUGAR DEL JUICIO (*Venue*)—CAMBIO DEL ''VENUE'' O LUGAR DEL JUICIO—MOTIVOS PARA CONCEDER EL CAMBIO—CONVENIENCIA DE LOS TESTIGOS—EN GENERAL.—La facultad concedida a las cortes por el artículo 83 del Código de Enjuiciamiento Civil para cambiar el lugar del juicio cuando la conveniencia de los testigos y los fines de la justicia se beneficien con ello es discrecional.

2. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—ACTUACIONES PREVIAS AL JUICIO—CAMBIO DEL LUGAR DEL JUICIO (*Venue*).—La resolución sobre moción solicitando el traslado o cambio del lugar del juicio no se revocará en apelación a menos que se demuestre un abuso de discreción.

RESOLUCIÓN de *Charles E. Foote,* J. (Mayagüez), negando solicitud de traslado del pleito. *Confirmada.*

*Francisco Cervoni,* abogado del apelante; *Benet & Souffront,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante, como representante legal de un hijo suyo menor de edad, presentó en la Corte de Distrito de Mayagüez donde reside el apelado una demanda sobre indemnización de daños y perjuicios por un accidente de automóvil que tuvo lugar en el pueblo de Aibonito correspondiente al Distrito Judicial de Guayama alegando que su hijo sufrió la fractura del fémur izquierdo, habiéndole quedado la pierna izquierda más corta que la derecha, y la laceración del labio inferior, y antes de celebrarse el juicio solicitó el demandante que el pleito fuese trasladado a la Corte de Distrito de Guayama por la conveniencia de los testigos. La Corte de Distrito de Mayagüez negó el traslado que se le pidió y el demandante apeló de esa resolución alegando ante nosotros que es errónea.

[1, 2] La facultad que concede el artículo 83 del Código de Enjuiciamiento Civil a las cortes para cambiar el lugar del juicio cuando la conveniencia de los testigos y los fines de la justicia se beneficien con el cambio es discrecional y, por esto, para que revoquemos una resolución concediendo o negando un traslado por el motivo expresado tenemos que estar convencidos de que la corte actuó haciendo un mal uso de esa facultad discrecional.

El apelante, para apoyar su petición, alegó en la corte inferior que sus testigos son del pueblo de Aibonito, siendo niños de escuela que presenciaron los hechos y que perderían por lo menos un día de clases en ir a Mayagüez y volver de allí, lo que no ocurriría si el juicio se celebrase en Guayama; que otros de sus testigos, el médico, el practicante y la enfermera que atendió al lesionado residen también en Aibonito de cuyo pueblo no podrían separarse sin desatender las obligaciones de los cargos municipales que ocupan, por no tener substitutos para casos de ausencia; y que la mayor parte de sus testigos son pobres, careciendo

el·demandante de los medios suficientes para sufragar los gastos que le ocasionaría el traslado de sus testigos a Mayagüez. Al oponerse el demandado al traslado alegó que para probar hechos de su contestación a la demanda tiene necesidad de presentar como prueba de ellos dos peritos médicos que residen en Mayagüez, siendo uno de ellos también Director Escolar de la ciudad de Mayagüez; que habrá de practicarse en el juicio una fluroscopia de la pierna lesionada del niño para determinar a ciencia cierta el verdadero alcance de la lesión que sufrió, la que no pudo practicarse en Aibonito por no existir allí equipo de Rayos X debidamente instalado, ni lo hay en Guayama; que su esposa es testigo del accidente, pero como se ha divorciado, no se trasladaría a Guayama, tanto más cuanto que es la dueña y administradora de un taller de bordados en Mayagüez, donde también reside otro de sus testigos presenciales, el *chauffeur* que manejaba ese día el automóvil, y que el demandante no es persona que carezca de recursos para satisfacer los gastos de transporte de sus testigos a Mayagüez, pues es un comerciante establecido en Aibonito con más de $3,000 en existencias en su establecimiento sin contar los créditos a su favor y que posee en dicho pueblo una casa que vale más de $500.

Con vista de esas alegaciones juradas de ambas partes no podemos concluir que exista un manifiesto abuso de discreción de la corte inferior al negar el traslado del pleito y *su resolución debe ser confirmada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.