Mary W. Ramírez y su esposo Dr. T. Ramírez Cuerda, demandantes y apelantes, *v.* Caribbean Casualty Co., demandada y apelada.

No. 4112.—*Visto:* Febrero 18, 1927. *Resuelto:* Junio 14, 1927.

1. Lugar del Juicio *(Venue)*—Cambio del Venue o del Lugar del Juicio—Allanamiento a Solicitud de Traslado—Renuncia.—El que un demandante se allane a un traslado basado en la residencia del demandado en otro distrito, no implica una renuncia de aquél a solicitar el traslado al primitivo distrito por la conveniencia de los testigos.

2. Lugar del Juicio *(Venue)*—Domicilio o Residencia de las Partes—Derecho de los Demandados—En General.—El derecho a que los pleitos se vean en el distrito de la residencia del demandado, queda sujeto a la facultad de la corte para cambiar el lugar del juicio por algunas de las causas especificadas en el artículo 83 del Código de Enjuiciamiento Civil.

3. Lugar del Juicio *(Venue)*—Cambio del Venue o del Lugar del Juicio—Cambio Fundado en la Conveniencia de los Testigos—En General.—Cuando los *affidavits* de la parte que solicita el traslado muestran un caso claro que justifica el cambio por el fundamento de la conveniencia de los testigos y no hay hecho o razón presentados en oposición a la solicitud, no hay base para el ejercicio de la discreción y el traslado debe decretarse.

RESOLUCIÓN de *Domingo Sepúlveda*, J. (San Juan), declarando sin
lugar moción de traslado. *Revocada.*

*J. Alemañy Sosa*, abogado de los apelantes; *Jaime Sifre Jr., Hora-
cio Franceschi* y *Diego O. Marrero*, abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Mary W. Ramírez y su esposo el Dr. T. Ramírez Cuerda
demandaron a la Caribbean Casualty Co., en la Corte de
Distrito de Mayagüez, con motivo de ciertas responsabili-
dades provenientes de una póliza de seguro de automóvil.

La demandada excepcionó la demanda y solicitó el tras-
lado del pleito a San Juan, lugar de su domicilio. Se alla-
naron los demandantes y el traslado fué decretado.

Radicados los autos en San Juan, la demandada con-
testó la demanda alegando como materia nueva constitu-
tiva de oposición y defensa, en resumen, que no estaba
obligada por la póliza que expidiera porque el automóvil
en el momento en que ocurrió el accidente origen de la
reclamación, no se estaba usando para *fines particulares*
sino para *fines profesionales*. La defensa se basa en la
siguiente cláusula que se hizo formar parte del contrato
de seguro:

"En consideración de lo reducido del premio a que se ha hecho
esta póliza, el asegurado hace constar (y la compañía acepta como
cierta esta declaración) que los automóviles cubiertos por la pó-
liza son y serán usados solamente para fines particulares. Por 'fines
particulares' se entenderá el uso personal del automóvil para el
placer propio y de la familia del asegurado, excluyendo el uso
regular y frecuente del automóvil para hacer visitas de negocio o
profesionales y excluyendo el empleo del automóvil para la entrega
de mercancías."

Así las cosas los demandantes presentaron una moción
a la Corte de Distrito de San Juan solicitando el traslado
del pleito a la Corte de Distrito de Mayagüez, basándose
en la conveniencia de los testigos. Acompañaron a la mo-
ción un *affidavit* de méritos que cumple con todos los re-

quisitos técnicos exigidos por la ley y la jurisprudencia relativos a la existencia de una buena causa de acción y otras formalidades, y expone que sus testigos serán el Dr. Frank R. Rivera, don Rafael Mangual y el secretario de la corte de distrito. En el *affidavit* se consigna además que el accidente origen de la reclamación ocurrió dentro del distrito judicial de Mayagüez, se narra lo que se intenta probar por medio de cada uno de los testigos residentes en dicho distrito y se consignan las razones que dificultarían la comparecencia de los dichos testigos fuera del distrito en que residen.

Después del *affidavit* aparece en la transcripción una orden que copiada a la letra dice así:

"La Corte por la presente, declara sin lugar en todas sus partes, la moción de traslado presentada por los demandantes."

Siguen la notificación de apelación y la certificación de la transcripción. Nada más existe.

En su alegato la parte apelante sostiene que la corte de distrito abusó de su discreción al negar el traslado. Se basa para ello en que presentó un caso *prima facie* bueno, en que la otra parte no radicó oposición escrita, y en que parece que la Corte de Distrito de San Juan resolvió el caso en la forma que lo hizo porque "prestó atención y se dejó guiar erróneamente por el argumento de la parte demandada de que al nosotros allanarnos a su moción de traslado en la Corte de Distrito de Mayagüez por motivo de su residencia, estábamos impedidos de solicitar el traslado por la conveniencia 'de los testigos."

La parte demandada presentó un amplio alegato en pro de la resolución apelada. Admite que no presentó oposición escrita, pero sostiene que compareció al acto de la vista de la moción y se opuso a la solicitud. Pasa por alto lo dicho por la parte apelante con respecto a su informe acerca de que dicha parte estaba impedida a virtud de su allanamiento a la primera moción y dirige su argumentación a sos-

tener, 1°, que tenía derecho absoluto a que el pleito se viera en San Juan, lugar de su residencia, y por tanto que la solicitud debió desestimarse de plano, y 2°, que en el caso de que dicha petición pudiera ser considerada, su resolución dependía de la discreción de la corte y también debía desestimarse porque no se había demostrado que la corte abusara de su poder discrecional.

[1] Parece conveniente comenzar diciendo que el hecho de que un demandante se allane a una solicitud de traslado presentada por el demandado basada en su residencia en otro distrito, no implica una renuncia por parte del demandante a solicitar en su día el traslado al primitivo distrito en que se presentó la demanda si la conveniencia de los testigos y la justicia así lo requirieren. Esto es tan claro que no exige argumentación alguna. Como cuestión de derecho un demandado puede pedir que el pleito se vea en el distrito de su residencia. ¿A qué oponerse? Pero si después, cuando se traba la contienda sobre los hechos a virtud de la contestación, surge la cuestión de la conveniencia de los testigos que deben declarar en el juicio, dicha cuestión puede ser levantada y servir de base a otra petición de traslado basada en una causa distinta. Y no se diga que los demandantes pudieron oponerse alegando desde el primer momento la conveniencia de los testigos. Si así lo hubieran hecho, su actuación hubiera resultado prematura y sin base, porque la petición de traslado de la demandada se archivó antes de su contestación. *Sánchez* v. *Atlas Commercial Co.*, 27 D.P.R. 61, *Torres et al.* v. *Torres et al.*, 16 D.P.R. 352.

[2] Va demasiado lejos la demandada al sostener la improcedencia absoluta de la solicitud de traslado de los demandantes. Es cierto que la ley concede un derecho claro, indiscutible a que los pleitos se vean en el distrito de la residencia del demandado con excepción de los casos que la misma ley especifica y que éste no es uno de esos casos especificados, pero todo está siempre sujeto, de acuerdo también con la ley, a la facultad de la corte para cambiar el lugar del juicio

por alguna de las causas especificadas en el art. 83 del Código de Enjuiciamiento Civil.

[3] Es una regla bien establecida que cuando se solicita el traslado basándose en la conveniencia de los testigos y en los fines de la justicia, la decisión es discrecional. Recientemente tuvo esta corte oportunidad de aplicar esa regla. Véase el caso de *Abraham* v. *Pierluisi,* 36 D.P.R. 58.

Pero en dicho caso no sólo se opuso la parte contraria sino que alegó que la conveniencia de sus testigos exigía que el pleito se viera en el lugar en que se había radicado la demanda, expresando quiénes eran los testigos, sobre qué versarían sus declaraciones y los motivos que dificultaban su salida fuera del distrito. El juez pesó las alegaciones de una y otra parte y tuvo en cuenta las circunstancias concurrentes y no habiéndose demostrado que abusara de su discreción esta corte confirmó su decisión.

Aquí la parte sólo se opuso oralmente y hemos tenido ocasión de ver cuán exagerado es el concepto que de su derecho tiene. De paso en su alegato indica que la conveniencia de sus testigos se beneficiaría con la celebración del pleito en San Juan. No especifica de cuáles testigos intenta valerse ni qué declararían esos testigos como hicieron los demandantes y un examen tanto de la demanda como de la defensa alegada parece indicar que si algún testigo puede presentar la demandada para probar dicha defensa, dicho testigo residirá probablemente también en Mayagüez.

Según se expresa en el *affidavit* de méritos no sólo residen en el distrito de Mayagüez los testigos que se usarán para probar el accidente en sí mismo sino aquéllos que menciona para aportarlos como prueba en contra de la defensa alegada por la demandada. Dos de esos testigos son médicos cirujanos y uno el secretario de la propia corte del distrito que deberá comparecer con ciertos autos. Es verdad que se ha decidido que. la necesidad de aportar récords (25 Cal. Jur. 886) no es por sí sola bastante, pero sí es una circunstancia a considerar.

Y a los fines de la justicia en general parece que debe tomarse en cuenta que no sólo todo ocurrió en el distrito de Mayagüez si que también a Mayagüez fué la demandada a hacer negocios y allí contrató con los demandantes. Probablemente sólo el abogado de la demandada tendría que trasladarse a Mayagüez el día de la celebración del juicio, mientras que celebrado en San Juan aquí tendrían que venir los demandantes, su abogado y todos sus testigos.

Siendo ése el caso, bien puede afirmarse que cae dentro de la siguiente jurisprudencia establecida por la Corte Suprema de California:

"Pero si los affidavits de la parte que solicita el traslado muestran un caso claro que justifique el cambio por el fundamento de la conveniencia de los testigos, y no hay hecho o razón presentada en oposición a la solicitud, no hay base para el ejercicio de la discreción y el traslado debe ser decretado." 25 Cal. Jur. 886, 887.

Por virtud de todo lo expuesto *debe revocarse la resolución apelada y devolverse los autos* a la Corte de Distrito de San Juan para que los traslade debidamente a la Corte de Distrito de Mayagüez.